UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE T. PAETH and
MARGARET C. PAETH,

        Plaintiffs,

v.

WORTH TOWNSHIP and
BARBARA CUTCHER,

        Defendants.

Case Number 08-13926
Honorable David M. Lawson

_____/

## **OPINION**

This case was tried to a jury from August 9 through 13, 2010 on two of the counts in the plaintiffs' complaint. Both counts were premised on allegations that the defendant Township interfered with and delayed the plaintiffs' efforts to renovate their cottage into a permanent residence. In one count of the complaint, the plaintiffs alleged that the defendant violated their right to procedural due process of law guaranteed by the Fourteenth Amendment to the Constitution by posting a stop work order on their property on November 5, 2007 without prior notice required by state law or giving them an opportunity to be heard. The Court had granted the plaintiffs summary judgment on that count before trial and instructed the jury to assess damages. In a different count of the complaint, the plaintiffs alleged that the defendant retaliated against the plaintiffs for exercising their right under the First Amendment to access the courts of the State of Michigan when they challenged the decision of the Worth Township Zoning Board of Appeals that denied the plaintiffs' application for a variance from the Township's land use ordinance requiring a five-foot side yard setback. Based in part on the Court's determination of the summary judgment motions, the first act of retaliation the jury could have considered occurred on May 24, 2006. The jury

returned a verdict in favor of the plaintiffs on the retaliation claim and awarded damages in the amount of $275,000. The jury separately awarded damages on the procedural due process claim in the amount of $325,000.

Neither party objected to the jury's verdict, and neither side requested a poll of the jury. The Court discharged the jury and instructed the clerk to record the verdict. The Court then inquired whether the parties believed that the verdicts should be cumulated, or whether damages on the retaliation claim were subsumed by the verdict on the procedural due process claim. The parties disagreed on the answer, and the Court ordered them to file briefs on the issue.

Unfortunately, neither party's brief cites authority that addresses the precise issue before the Court. The defendant cites no pertinent authority at all and instead argues that the evidence does not support either damage award. The plaintiffs cite Federal Rule of Civil Procedure 49 and rely on *Radvansky v. City of Olmsted Falls*, 496 F.3d 609 (6th Cir. 2007), for the proposition that a party's failure to object to a verdict that is inconsistent with special interrogatories before the jury is discharged waives the issue on review. The Court does not believe the plaintiff's authority provides guidance because the jury returned a general verdict and there were no special interrogatories.

The Court's inquiry to the parties was prompted by the basic principle that "an injured party is entitled to receive full satisfaction for his injury only once." *Hageman v. Signal L. P. Gas, Inc.*, 486 F.2d 479, 487 (6th Cir. 1973). The parties had not requested a jury instruction on that point, and the Court did not give one. The verdict form called for a separate award of damages on each count.

In other cases where there was apparent confusion by the jury on damage awards, a new trial was ordered. For instance, in *Astor Chauffeured Limousine Co. v. Runnfeldt Inv. Corp.*, 910 F.2d

1540 (7th Cir. 1990), where the purchaser of corporation that operated limousine service brought action against the seller under federal securities statutes and Illinois common law alleging fraud and misrepresentation made during negotiations, the court determined that the jury's verdict awarding separate damages on multiple counts evidenced confusion. The plaintiff's complaint stated claims under section 12 of the Securities Act of 1933, section 10(b) of the Securities Exchange Act of 1934, the SEC's Rule 10b-5, and common law, and sought $525,270 in compensatory damages. The jury verdict totaled almost that exact amount: $525,000, allocating $300,000 under section 10(b); $193,466 under section 12(2); $6,534 on the common law count, and $25,000 for punitive damages. The court found that the damages under those separate counts would not cumulate, although the jury was never told that, and there was no way to reconcile the verdicts except to assume that the jury intended to award the plaintiff what it asked. The court ordered a new trial because of the "evident confusion" and because the jury was never instructed that "it must calculate damages independently on each theory." *Id.* at 1551.

By contrast, in another case where the jury was instructed that it could not award duplicate damages on different theories for the same injury, the court of appeals affirmed the district court's cumulation of the jury's award of compensatory and punitive damages on each of the four counts that totaled $15 million. The court of appeals "presume[d] that juries follow the court's instructions," and "presume[d further] that the damages the jury awarded on each of the four counts are not duplicative awards for the same injury." *Havoco of America, Ltd. v. Sumitomo Corp. of America*, 971 F.2d 1332, 1346 (7th Cir. 1992) (quotation marks and citation omitted).

On the issue of damages, the jury was instructed in this case as follows:

"If you find in favor of the plaintiffs on their First Amendment retaliation claim, and with respect to their Fourteenth Amendment procedural due process violation claim,

> you must award the plaintiffs such sum of money as you find from the preponderance of the evidence will fairly and justly compensate the plaintiffs for any damages you find that the plaintiffs sustained as a direct result of the defendant's retaliation against the plaintiffs for exercising their First Amendment rights, and for violating the plaintiffs' right to procedural due process. You should consider the following elements of damages:
> (A) The expenses reasonably incurred as a result of the defendant's unlawful conduct;
> (B) The physical, mental, and emotional suffering the plaintiffs have experienced and are reasonably certain to experience in the future;
> (C) Impairment of reputation; and
> (D) Personal humiliation.
>
> Which, if any, of these elements of damage has been proved is for you to decide based upon evidence and not upon speculation, guess or conjecture. The amount of money to be awarded for certain of these elements of damage cannot be proved in a precise dollar amount. The law leaves such amount to your sound judgment. Your verdict must be solely to compensate plaintiff for his damages, and not to punish the defendant.
> . . .
> In determining the amount of damages, you may not include or add to the damages any sum for the purpose of punishing defendant, Worth Township, or serving as an example to others.
>
> In deciding what damages to award the plaintiffs, you may not consider any loss or suffering by the plaintiffs prior the May 24, 2006 Zoning Board of Appeals meeting. The plaintiffs are entitled to recover only damages proximately caused by the defendant's conduct after May 24, 2006.

The jury was not instructed specifically that it could not duplicate damages for a single injury. On the other hand, the instructions made clear the temporal limitations on each of the separate theories of recovery. The first act of retaliation in the First Amendment count occurred on May 24, 2006, but the procedural due process violation did not occur until November 5, 2007. It is entirely possible that the damages the jury awarded for retaliation covered the period up to November 5, 2007, and the due process violation damages covered the period thereafter. The evidence would have allowed the jury to conclude that the plaintiffs suffered discrete expense and delay for each of these periods.

In retrospect, perhaps it would have been desirable to instruct the jury not to award duplicate damages under each theory of liability for a single wrong. However, neither party requested such an instruction, and the defendant cannot complain of that oversight now. *See Navigant Consulting, Inc. v. Wilkinson*, 508 F.3d 277 (5th Cir. 2007) (holding that where two defendants were sued for breach of fiduciary duty, breach of contract, and misappropriation of trade secrets, a jury award of $1.5 million against each defendant was not duplicative because the defendant did not object to the jury instructions, the plaintiff did not allege that it "only suffered a single injury; as the verdict form itself indicated, [the plaintiff] sought damages relating to two separate injuries," and the court's instruction to "the jury to answer for each person who had been found to violate a fiduciary duty" was not plain error). The verdict form, which was approved by both parties, called for a separate award of damages on each count. As noted earlier, the effect of the defendant's unlawful conduct was experienced by the plaintiffs in different time frames.

Because the evidence would permit the jury to award damages for discrete periods under each count, the verdict form indicated that separate damage awards should be assessed for each count, and there is no inconsistency or apparent jury confusion that produced the separate awards, the Court finds that the amounts awarded by the jury under each count should be cumulated.

Judgment will enter accordingly.

                                          s/David M. Lawson
                                          DAVID M. LAWSON
                                          United States District Judge

Dated: August 25, 2010

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 25, 2010.

                                        s/Teresa Scott-Feijoo
                                        TERESA SCOTT-FEIJOO