UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE T. PAETH and
MARGARET C. PAETH,

            Plaintiffs,

v.

WORTH TOWNSHIP and
BARBARA CUTCHER,

           Defendants.

Case Number 08-13926
Honorable David M. Lawson

_____/

**OPINION AND ORDER GRANTING IN PART MOTION FOR ATTORNEY'S FEES**

The plaintiffs, who obtained a jury verdict in their favor in their litigation against defendant Worth Township alleging violations of their constitutional rights under 42 U.S.C. § 1983, move the Court for an award of attorney's fees under 42 U.S.C. § 1988 in the amount of $342,294.00. The defendant does not dispute the plaintiff's entitlement to attorney's fees, but it contends that the amount sought is excessive. The Court heard oral argument on the motion on November 9, 2010. The Court now finds that the plaintiff's fees request is overstated; however, an award of attorney's fees in a lesser amount is appropriate. Therefore, the Court will grant in part the plaintiffs' motion for attorney's fees.

I.

The facts of the case are well known to the parties. The plaintiffs sought to expand and improve a waterfront cottage, and after obtaining a building permit they encountered resistance and interference with their project by Worth Township officials that amounted to a violation of their constitutional rights. On September 11, 2008, the plaintiffs filed a complaint stating four counts against Worth Township and its building inspector, Barbara Cutcher in her official capacity, all

brought under 42 U.S.C. § 1983: violation of the plaintiffs' First Amendment rights when the township retaliated against the plaintiffs for appealing the decision of the zoning board of appeals (ZBA) in 2005 (count I); violation of the Equal Protection Clause based on the defendants' policy of selectively enforcing unlawful decisions against the plaintiffs when they engaged in protected activities under the First Amendment (count II); violation of substantive and procedural due process by issuing a stop work order without notice and an opportunity to respond (count III); and a request for mandamus and superintending control over the defendants (count IV).

Both parties filed motions for summary judgment. On April 9, 2010, the Court granted summary judgment in favor of the plaintiffs on the procedural due process violation claim and dismissed count II, the substantive due process violation portion of count III, and count IV. On August 2, 2010, the parties stipulated to an order dismissing all claims against the Worth Township building inspector, defendant Barbara Cutcher, who was sued in her official capacity only.

This case was tried to a jury from August 9 through 13, 2010 on the two remaining counts in the plaintiffs' complaint: retaliation in violation of the First Amendment, and damages only on the procedural due process count. The jury returned a verdict in favor of the plaintiffs on the retaliation claim and awarded damages in the amount of $275,000. The jury separately awarded damages on the procedural due process claim in the amount of $325,000. Neither party objected to the jury's verdict, and neither side requested a poll of the jury. The Court then inquired whether the parties believed that the verdicts should be cumulated, or whether damages on the retaliation claim were subsumed by the verdict on the procedural due process claim. After reviewing the parties' submissions, the Court decided that the evidence permitted the jury to award damages for discrete

periods under each count, cumulated the amounts awarded by the jury, and entered judgment against the defendant.

After entry of judgment, the plaintiffs filed the present motion for attorney's fees, and the defendant filed several post trial motions attacking the judgment.

II.

Section 1988 permits an award of attorney's fees to the prevailing party in a civil rights case. *See* 42 U.S.C. § 1988(b). To be a prevailing party under section 1988, a party must receive "at least some relief on the merits of his claim." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603-04 (2001). A party prevails in his lawsuit when there has been a "material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute." *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792-93 (1989). That material alteration must affect the behavior of the defendant towards the plaintiff. *Rhodes v. Stewart*, 488 U.S. 1, 4 (1988).

A prevailing party has no right to attorney's fees under section 1988; the statute makes such awards discretionary. 42 U.S.C. § 1988(b) ("[T]he court, *in its discretion, may allow* the prevailing party . . . a reasonable attorney's fee as part of the costs . . . . (emphasis added)); *Day v. James Marine, Inc.*, 518 F.3d 411, 419 (6th Cir. 2008) ("Statutes like § 1988 make fees permissible, not mandatory . . . ."). Absent special circumstances, however, prevailing plaintiffs generally are awarded section 1988 fees as a matter of course. *Newman v. Piggie Park Enters., Inc.*, 390 U.S. 400, 401-02 (1968).

The defendant does not dispute the plaintiffs' prevailing party status, but it argues that the plaintiffs cannot be found to have prevailed in full because some of their claims were dismissed

before trial, including all the claims against Barbara Cutcher in her official capacity. That argument carries little weight in this case. As the Sixth Circuit explained,

> Work on an unsuccessful claim cannot be considered to have been "expended in pursuit of the ultimate result achieved" where the plaintiff has presented distinctly different claims for relief based on different facts and legal theories. But where the plaintiff's claims for relief involve common facts or related legal theories, such that much of counsel's time will have been devoted generally to the litigation as a whole, the court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.

*Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 552 (6th Cir. 2008) (citation and quotation marks omitted). All of the plaintiffs' legal theories derived from the interference with their building project; they arose from common facts and are related. The claims against Barbara Cutcher were tantamount to claims against the Township itself. *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985) (holding that an official-capacity action imposes liability on the entity that the official represents, not the individual personally). The plaintiffs indisputably prevailed at trial, and they established a violation of their constitutional rights, at considerable expense to themselves. The Court finds that attorney's fees should be granted under section 1988.

Once the decision has been made to award section 1988 fees, the Court must determine what fee is "reasonable." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000). In determining a "reasonable" fee under section 1988, the court must first determine the "lodestar" amount (the product of multiplying the number of hours reasonably expended on the litigation by a reasonable hourly fee) and then reduce or augment that amount by considering other case-specific factors. *Hensley*, 461 U.S. at 433-37; *Imwalle*, 515 F.3d at 552; *Bldg. Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1401-02 (6th Cir. 1995). The party seeking to recover fees bears the initial burden of

substantiating the hours worked and the rate claimed. *Hensley*, 461 U.S. at 433; *Wooldridge v. Marlene Indus. Corp.,* 898 F.2d 1169, 1176 (6th Cir. 1990).

The rates sought by the plaintiffs' lawyers in this case vary. Lead counsel, Daniel Dalton, who has been practicing law for about twenty years, states that his hourly rate is $425. Zana Tomich, who has been a lawyer for seven years, contends that her hourly rate should be $290. Pauline Pensler, who was a newly minted lawyer when this case commenced, charges her time at $250 per hour. The plaintiffs lawyers also seek compensation for a law student working in their office at a rate of $110 pre hour.

Generally, a reasonable hourly rate is calculated by reference to the prevailing market rates in the relevant community. *Blum v. Stenson*, 465 U.S. 886, 895 (1984). "The appropriate rate . . . is not necessarily the exact value sought by a particular firm, but is rather the market rate in the venue sufficient to encourage competent representation." *Gonter v. Hunt Valve Co.*, 510 F.3d 610, 618 (6th Cir. 2007). State Bar surveys of rates may be an appropriate guide, although they are not dispositive in establishing the market rate. *B & G Min., Inc. v. Dir., Office of Workers' Comp. Programs*, 522 F.3d 657, 664 (6th Cir. 2008) (citing *Gonter*, 510 F.3d at 618 & n.6 (referring to an Ohio State Bar Association survey of hourly billing rates "[a]s a point of reference")).

The defendant points to the State Bar of Michigan 2007 economics of law practice summary report, which states that the median hourly litigation billing rates for Wayne County and downtown Detroit are $200 and $210, respectively. The Grand Rapids area has the highest median hourly litigation billing rate at $237.50. The mean hourly litigation billing rates for attorneys in practice 20-29 years is $206, and the mean litigation hourly rate for attorneys with 5-9 years of experience is $184 per hour. The Michigan survey indicates the mean litigation hourly rate for attorneys with

less than five years experience is $175 per hour. The fees in this case were earned between 2008 and the present, so the survey provides relevant information that is useful in determining market rates.

The survey rates are lower than those sought by plaintiffs' counsel, but as median rates they serve as a guidepost against which to measure a reasonable rate "sufficient to encourage competent representation." *Gonter*, 510 F.3d at 618. The plaintiffs have not furnished much other evidence of the market rates in the area, save an affidavit from a lawyer at a medium-size law firm who claims to know the market, although the basis of his knowledge remains unclear. Other information concerning the fees in this case, such as the actual fee agreement between plaintiffs' counsel and the plaintiffs, data relating to market rates charged by law firms of the approximate size as plaintiffs' counsel's law firm, and actual cost and overhead figures, has not been submitted. Nor have the plaintiffs furnished any information about the academic, work experience, or other credentials of attorneys Tomich or Pensler.

Attorney Dalton has submitted information attesting to his experience in municipal law and his involvement in specialty committees of the American Bar Association. His experience warrants an hourly rate that is above the median level of lawyers of comparable experience. Based on the information before the Court, it appears that a reasonable hourly rate for Mr. Dalton's time is $300, which is above the median level and sufficient to encourage similarly-situated attorneys to engage in the representation of claimants with similar complaints against local municipalities. The Court believes that rate also reflects market levels. There is no basis to distinguish the competence or experience of the other two attorneys in the Dalton law firm, and no reason to depart from the median rates of $184 and $175 per hour for Tomich and Pensler, respectively.

Mr. Cortez is a law student. The billing records reflect that although he engaged in some research and drafting, the majority of his time was devoted to clerical and delivery tasks. Fees also have been charged by a timekeeper designated as "TF," who remains unidentified. The rate charged is the same as Mr. Cortez's rate, so it is reasonable to infer that TF is a law student as well. There is authority for compensating paralegal expenses under section 1988. *See Imwalle*, 515 F.3d at 552. Law students are not trained as paralegals, however, and their work generally is (or ought to be) reviewed by lawyers, who presumably charge for that activity as well. Clerical tasks may not be charged at lawyer *or* paralegal rates. *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989) (stating that "purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them"). The Court need not determine a rate for Mr. Cortez's time; that expense should be considered general clerical overhead that has been taken into account in determining a reasonable hourly rate for the attorneys. Therefore, it is not appropriate to assess that time separately in calculating an attorney's fee award under section 1988.

The number of hours reasonably expended on a matter includes time spent drafting and revising pleadings, meeting with clients, and preparing the case for trial. *Hensley*, 461 U.S. at 433. The court may reduce the hours claimed where the documentation is inadequate or the time was not "reasonably expended." *Mehney-Egan v. Mendoza*, 130 F. Supp. 2d 884, 886 (E.D. Mich. 2001) ("Hours are not reasonably expended if they are excessive, redundant, or otherwise unnecessary. 'A fee is clearly excessive when, after a review of the facts, a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee is in excess of a reasonable fee.' Mich. R. Prof'l Conduct (MRPC) 1.5." (citation omitted)).

The defendant objects to the amount of time the plaintiffs' counsel spent on certain tasks, and it criticizes the plaintiffs for bringing two lawyers to certain functions when one would do. The defendant points out, for example, that plaintiffs' counsel spent nearly 40 hours preparing a motion for temporary restraining order and preliminary injunction. It also appears that counsel charged over 20 hours drafting the complaint. The time charges are excessive. One reason may be due to the redundancy that occurs when more than one lawyer in a single law office works on identical tasks. Another, no doubt, is due to Ms. Pensler's fresh entree into the practice of law. However, neither clients nor opponents should be charged for a new lawyer's learning experience, particularly when a lawyer experienced in the field also charges time for similar activity. Two lawyers at court conferences, hearings, and at counsel table during trial can be a useful luxury, especially when trial tasks are shared. However, the Court recalls that Ms. Pensler did not make any legal arguments or interrogate any witnesses at trial. The Court does not intend to diminish her participation in the representation of the Paeths; certainly second-chair experience is valuable to a new lawyer. However, the Court will not award fees for charges that duplicate the tasks performed by Mr. Dalton.

There is some difficulty determining with precision the amount of time spent on individual tasks because of instances of block billing. However, the Court believes the information furnished gives enough detail to ascertain the number of hours reasonably spent on the legal representation in this case. After reviewing the billing records in detail, the Court will approve the following time charges for the participating attorneys: Daniel Dalton — 490.1 hours; Zana Tomich — 51.3 hours; Pauline Pensler — 200.3 hours. Those hours translate into the following fee charges at the hourly

rates approved above: Dalton — $147,030; Tomich — $9,439.20; Pensler — $35,052.50. the total lodestar, therefore, is $191,521.70.

There is a "strong presumption" that the lodestar represents the "reasonable" fee. *City of Burlington v. Dague*, 505 U.S. 557, 561 (1992) (holding that lodestar figure has "become the guiding light of our fee-shifting jurisprudence"). The party advocating a departure from the lodestar amount bears the burden of establishing that the adjustment is "necessary to the determination of a reasonable fee." *Ibid*. In determining whether to adjust the lodestar amount, courts may consider the following factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Hensley*, 461 U.S. at 430 n.3 (citing *Johnson v. Georgia Hwy. Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)).

Most of the fee enhancement factors do not apply in this case. The issue was not novel or particularly difficult, despite the plaintiff's assertion to the contrary. The case did not appear complex, either from a legal or factual standpoint. Eight depositions were taken, and the typical round of pretrial motions were filed and decided. There were no unusual issues that arose at trial. The case was not undesirable; municipalities are sued frequently over land use issues. The case did not require any special skills or training beyond the ken of a typical federal court practitioner. The plaintiffs were successful in obtaining a substantial award from the jury, but that factor alone will not justify a fee enhancement. One factor that augurs in favor of an enhancement is the fee structure.

Counsel charged an hourly fee; however it appears that the Paeths were unable to pay as they went, and the Dalton law firm carried the expense load throughout most of the litigation. Under those circumstances, the Court believes that a modest fee enhancement is justified to encourage competent representation of deserving litigants seeking access to the Courts. Therefore, an enhancement of 5% will be included.

### III.

The plaintiffs are prevailing parties, and the Court finds that attorney's fees under 42 U.S.C. § 1988(b) should be awarded. The Court determines that the lodestar fee amount is $191,521.70. The enhancement of 5%, or $9,576.09, will be added for the reasons stated earlier.

Accordingly, it is **ORDERED** that the plaintiffs' motion for attorney's fees [dkt #59] is **GRANTED IN PART**.

It is further **ORDERED** that the defendant shall pay attorney's fees to the plaintiffs in the amount of $201,097.79.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: November 23, 2010

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 23, 2010.

s/Deborah R. Tofil
DEBORAH R. TOFIL